### In re OGDEN PARK POST OFFICE BLDG. CORPORATION.
#### No. 57203.

District Court, N. D. Illinois, E. D.
April 24, 1936.

Goldman, Allshouse & Healy, of Chicago, Ill., for petitioning creditors.

Alschuler, Putnam & Johnson, of Aurora, Ill., for debtor.

Concannon & Dillon, of Chicago, Ill., for Patrick J. Lucey, receiver.

WILKERSON, District Judge.

The statute (Bankr.Act § 77B (f), 11 U.S.C.A. § 207 (f) provides: "After hearing such objections as may be made to the plan, the judge shall confirm the plan if satisfied that (1) it is fair and equitable and does not discriminate unfairly in favor of any class of creditors or stockholders, and is feasible;"

After carefully reconsidering the objections to the plan as proposed in this case, the court is not satisfied that the plan in its present form is fair and equitable and that it does not discriminate against the bondholders.

There is an outstanding bond issue of $173,100, upon which no interest has been paid since December 1, 1931. The plan provides for an extension of at least ten years, and of fifteen years if a majority of the bondholders request it. During that period the property is to be managed by the debtor, which is to receive 5 per cent. of gross rentals for its services. After the payment of operating expenses, taxes, and the management fees of 5 per cent., the remainder is to be distributed among the bondholders until 3 per cent. interest has been paid thereon. If there is more than is enough to pay the 3 per cent. interest, $7,000 is to be applied to the reduction of the bonded debt, and the balance, if any, used to pay 3 per cent. more to the bondholders. New coupons are to be issued for the interest now unpaid, which are to bear interest of not more than 3 per cent. per annum. Apparently no consideration is given to depreciation during the fifteen-year period.

There is little, if any, satisfactory evidence of the value of the property in the record. While there is no finding of solvency or insolvency of the debtor, it is charged in the petition and admitted in the answer that the debtor is insolvent. The court is convinced that upon the record in this case it must be held that the extension provided for in the plan is for an unreasonable time, and cannot be sustained over the objection of bondholders.

The court is convinced that the record in this case does not warrant the manage-

ment contract for the benefit of the debtor, for which provision is made in the plan. The stock of the debtor is owned by the National Realty Trust, as to which reorganization proceedings are pending in this court. ` The management of the property, therefore, is dependent upon that reorganization. In those reorganization proceedings the bondholders here have no voice. The court cannot approve a plan in which the management of the property is definitely committed to a debtor, the control of whose affairs is dependent upon the result of another court proceeding. The time will come, of course, when the court's trustee will cease .to manage the affairs of the National Realty Trust. In view of that situation, the court cannot approve the management feature of the plan now before it.

A suggestion has been made that the management of the property after the termination of the reorganization proceedings of the National Realty Trust shall be placed in the hands of. trustees to be approved by the Court. That would obviate some but not all of the objections. However, the court is convinced that upon the record now before it, an extension for fifteen years cannot lawfully be made over the objection of bondholders.